Ronald E. Stadtmueller (140720)
10755 Scripps Poway Pkwy., #370
San Diego, CA 92131
Telephone: (858) 564-9310

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>HARDIS QUEEN and<br>BEVERLEY QUEEN,<br><br>                    Debtor. | **Case No.: 10-10294-MM7**<br><br>**Chapter 7**<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL COOPERATION AND TURNOVER OF PROPERTY**<br><br>**Date:   November 3, 2011**<br>**Time:  10:00 a.m.**<br>**Dept.:  1**<br>**Honorable Margaret M. Mann** |

NOTICE IS HEREBY GIVEN that on November 3, 2011, at 10:00 a.m., in Department 1 of the United States Bankruptcy Court, Southern District of California, 325 West "F" Street, San Diego, California, the Honorable Margaret M. Mann Bankruptcy Judge, presiding, a hearing will be held on the Trustee's Motion to Compel Cooperation and Turnover of Property.

This bankruptcy case was commenced on June 14, 2010, under Chapter 7 of the United States Bankruptcy Code. Ronald E. Stadtmueller, the chapter 7 Trustee (the "Trustee") was appointed as Trustee on or about the same date.

The assets in this bankruptcy estate included, without limitation, a 2003 Ford F150, 1996 Mercury Mystique, 1987 Jeep Wrangler, 1985 motor home and a 1977 boat. From the bankruptcy estate, the Debtor agreed to "buy out" the non exempt equity in said assets in the amount of $4,200.00

as evidenced by the ORDER ON RELEASE OF THE ESTATE'S INTEREST IN DEBTORS' VEHICLES entered on October 14, 2010 as docket #22.  On or about March 17, 2011, payment in the amount of $3,000.00 was received of the Debtors leaving an outstanding balance of $1,200.00.

The Trustee has made numerous requests to have the Debtor pay the remaining balance of $1,200.00, but the Debtor has failed to comply with the Trustee's requests.

The Trustee's Motion requests an order compelling the Debtor to cooperate with the Trustee and immediately turnover payment in the amount of $1,200.00 to the Estate.

Any opposition to this motion must be filed with the Bankruptcy Court and served on the undersigned no later than 14 days from the date this motion is served (there is an additional three (3) days allowed for service by mail).  Failure to file an opposition will be deemed consent to the motion.  This motion is supported by this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support, and the Declaration of Ronald E. Stadtmueller, together with all pleadings and court documents on file in this case.  Any party wanting to obtain a copy of these documents may make a written request of the undersigned and a copy will be provided to you or you can obtain a copy from the clerk of the Bankruptcy Court, 325 West "F" Street, San Diego, California during the Court's business hours.

Dated:  September 13, 2011            By: /s/ Ronald E. Stadtmueller
                                                         Ronald E. Stadtmueller
                                                         Chapter 7 Trustee

**PROOF OF SERVICE**

I, the undersigned, hereby declare as follows:

I am employed in the City of San Diego, County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 10755 Scripps Poway Pkwy., #370, San Diego, CA 92131.

On September 13, 2011, I caused to be served:
**NOTICE OF MOTION AND MOTION TO COMPEL COOPERATION AND TURNOVER OF PROPERTY**

on the parties in this action by placing a true and correct copy thereof in a sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

■ (BY FIRST-CLASS U.S. MAIL) I placed each such sealed, prepaid envelope, for collection and mailing at the office of Ronald E. Stadtmueller, San Diego, California, following ordinary business practices. I am familiar with the practice of the office of Ronald E. Stadtmueller for collection for U.S. mail, said practice being that in the ordinary course of business, correspondence is picked up at our office the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 13, 2011, at San Diego, California.

        /s/ Mary Walters
        Mary Walters